■ BRISTOL MYERS COMPANY, Appellant, v GENERAL ELECTRIC COMPANY, Respondent.—Order, Supreme Court, New York County, entered on October 13, 1976, denying plaintiff's motion to vacate a stipulation of discontinuance, affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. This action was brought by the subrogee of Bristol Myers Company to recover for the loss of two jet engines which had been entrusted to General Electric for overhaul. Counsel for the parties had agreed upon a settlement of this action and an underwriter's release from the subrogee (insurance carrier), and a stipulation of discontinuance was sent to General Electric. General Electric requested an additional release from Bristol Myers. When the release could not be obtained, General Electric indicated it would rely solely on the release of the subrogee. It was at this point that the subrogee advised General Electric that settlement was no longer possible. Plaintiff then brought this motion to vacate the stipulation of discontinuance, which had already been filed. Special Term denied the motion and we would affirm. The settlement was complete and agreed upon. A change in request regarding the specific papers required to formalize the settlement agreement, under the circumstances of this case, cannot be viewed as a rejection of the settlement. The subrogee was fully empowered to (and did) effectuate a settlement of the claim. We find no justification for its vacatur. Concur—Birns, Capozzoli and Lane, JJ.; Murphy, P. J., dissents in the following memorandum: On or about November 25, 1975, counsel for Appalachian Insurance Company, the subrogee of named plaintiff Bristol Myers Company, and defendant General Electric Company, agreed to settle this case for $5,000. Appalachian immediately forwarded a release and a notice of discontinuance of this action to General Electric's attorney. On or about December 8, 1975, General Electric approved the settlement for $5,000. On or about December 12, 1975, counsel for the defendant orally requested that Appalachian's attorney also supply: (1) a release from Bristol Myers for $1 and other valuable consideration, (2) a copy of the proof of loss and subrogation agreement, and (3) a hold-harmless provision to be inserted in the original release. There is a dispute in the affidavits as to whether Appalachian's counsel promised to secure the requested items or merely promised that it would attempt to secure those items. In a letter dated December 15, 1975, defense counsel stated that it was his understanding that, in the event the case was settled for $5,000, Appalachian would supply the three requested items. On or about December 30, 1975, defense counsel filed the notice of discontinuance. Although the defendant was ready to turn over the settlement check in January of 1976, Appalachian's attorneys could not obtain a release from Bristol Myers. Ultimately, Appalachian brought this motion to vacate the notice of discontinuance in May of 1976. The defendant had never turned over the settlement payment but, in May of 1976, defendant was willing to waive its prior request for Bristol Myers' release. The lower court agreed that defendant could waive its prior request.

To be binding, an agreement must be definite and certain. (9 NY Jur, Contracts, § 46, p 575.) On or about November 25, 1975, the parties agreed to a settlement of $5,000, subject to the approval of that figure by the defendant. At that time, there is no indication in the record that the parties ever discussed the form or nature of the release to be given by Appalachian nor did they consider whether Bristol Myers would be required to give a release. In fact, defendant's attorney states in his affidavit in opposition that "When the amount of the settlement has been agreed upon, it is submitted a case should not clutter the court calendar for four months while the parties work out or decide upon the form a release should take". The parties never reached a binding stipulation of settlement because they never agreed as to the specific terms of settlement. Defense counsel's letter of December 15, 1975 constituted a counteroffer insofar as it sought items that had never been formally made the subject of the parties' stipulation. The importance of the requests made in that letter is emphasized by the fact that the defendant would not and did not forward the $5,000 check in the absence of Appalachian's compliance therewith. Since the parties never reached a firm agreement on all the terms of the proposed settlement, the notice of discontinuance should not have been filed and should now be vacated.